# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRANDON M. EVANS, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) FILE NO._____ |
| vs. | ) ) JURY TRIAL DEMANDED |
| DIVERSIFIED ADJUSTMENT SERVICES, INC., | ) ) ) |
| Defendant. | ) ) ) |

## CLASS ACTION COMPLAINT

Plaintiff, Brandon M. Evans, by counsel, hereby files his Class Action Complaint ("Complaint") against Defendant Diversified Adjustment Services, Inc. ("Defendant") and asserts class claims as well as an individual claim as follows:

## INTRODUCTION

1.  This is a class action for damages based upon Defendant's unlawful conduct in furtherance of its efforts to collect a consumer debt. Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"). Defendant also violated the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. ("FCRA") and Plaintiff asserts an individual claim against Defendant under the FCRA.

2.  Plaintiff is a natural person who resides in Ohio. He is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to apply for a residential apartment lease and related public utilities in his name and without his knowledge or consent.

3. Defendant is a foreign corporation and a "debt collector" as that term is defined by the FDCPA.

4. As set forth below, Defendant reported an inaccurate consumer debt to the credit bureaus for inclusion on Plaintiff's credit file that did not belong to Plaintiff. Defendant failed to contact Plaintiff before doing so in violation of the FDCPA. As a result, Plaintiff was deprived of the opportunity to dispute the inaccurate information with the credit bureaus and/or Defendant before it appeared on his credit file. Defendant also failed to conduct reasonable investigations of Plaintiff's disputes to the credit bureaus concerning the inaccurate debt in violation of the FCRA.

5. Plaintiff suffered concrete harm as a result of Defendant's violations of the FDCPA and FCRA.

## PARTIES, JURISDICTION, AND VENUE

6. At all times material to this action, Plaintiff was a resident of Ohio. He is a math teacher. He has a bachelor's degree in Secondary Mathematics and a Master's Degree in Educational Technology.

7. At all times material to this action, Defendant was a foreign corporation doing business in Ohio and other States. Defendant seeks to collect debts from consumers in Ohio and nationwide. Defendant may be served with a copy of the Complaint and summons through its registered agent for service, to wit: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

8. This Court has federal question jurisdiction over Plaintiff's FDCPA and FCRA claims pursuant 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

9. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

10. Defendant is subject to the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a national class action pursuant to Fed. R. Civ. P. (b)(3) on behalf of the following class consisting of all similarly situated persons:

> All persons with an address in the United States for whom Defendant, within the year preceding the filing of this action through the date of final approval, reported a consumer debt to any consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, without first communicating with the consumer about the alleged debt either by (i) speaking with the consumer in person or by phone; (ii) delivering a letter to the consumer; or (iii) delivering an electronic message to the consumer, or for whom Defendant, after sending a letter or electronic message to a consumer about an unreported alleged debt, failed to wait at least 14 consecutive days for a notice of undeliverability
>
> (the "Class").

12. Excluded from the Class are: Defendant's officers, directors, employees, legal representatives, successors, assigns, and any individual who at any time during the class period has had a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family and staff; and all persons who may submit timely and proper requests for exclusion from the Class.

13. Plaintiff reserves the right to modify the Class, add subclasses, and modify the class period as discovery is conducted.

14. The Class is so numerous that joinder of all class members is impractical. While the exact number of Class members is unknown, it is estimated that there are hundreds, if not more,

3

potential Class members in Class given the high volume of accounts upon which Defendant collects and reports to the credit bureaus.

15. There are questions of law and fact common to the Class including (i) whether Defendant reported accounts to the credit bureaus concerning the Class members; (ii) whether Defendant provided the pre-reporting notice required by 12 C.F.R. § 1006.30(a)(1) to the members of the Class before reporting their accounts to the credit bureaus; and (iii) whether the Class members are entitled to recover damages.

16. Plaintiff's claims are typical of the claims of the members of the Class because all members of the Class suffered damages arising from Defendant's failure to comply with the FDCPA and 12 C.F.R. § 1006.30(a)(1) before reporting their consumer debts to the credit bureaus.

17. Plaintiff will fairly and adequately protect the interests of the members of the Class.

18. Plaintiff has retained counsel competent and experienced in this type of litigation and Plaintiff has no interests antagonistic to or in conflict with the other members of the Class.

19. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for Class members to seek redress for the wrongs done to them. No unusual difficulties are likely to be encountered in the management of this class action. The Class members can be identified through Defendant's records.

20. Prosecuting separate actions by Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class. Doing so would also create a risk of adjudications with respect to individual Class members that, as a practical matter, would be

dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

21. There are questions of law and fact common to the members of the Class which predominate over any questions affecting any individual class members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL ALLEGATIONS

22. Plaintiff lives and works in Munroe Falls, Ohio.

23. Plaintiff is allegedly obligated to pay a $538 consumer debt ("Debt") arising from utilities purportedly related to a fraudster's lease of an apartment in Plaintiff's name and without his consent and Plaintiff is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The subject utilities were used in Arizona. Plaintiff has never lived in Arizona nor applied for utilities in Arizona. He has lived in the same house in Ohio for over the past 35 years. He does not owe the Debt.

24. Defendant is a collection agency specializing in the collection of consumer debt.

25. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

26. Defendant manages, and collects upon, thousands of consumer debts annually.

27. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. 1692a(2).

28. In 2023, Plaintiff obtained a copy of his credit report as published by Trans Union. In reviewing the report, he noticed that Defendant reported to Trans Union that it was collecting the Debt against Plaintiff and that Plaintiff owed the Debt. Defendant reported that the Debt originated with Arizona Public Service (Utilities).

5

29. Prior to the time Defendant reported the Debt to Trans Union, Plaintiff did not receive any letters, emails, calls, texts, or any communications whatsoever from Defendant.

30. On November 30, 2021, the Consumer Financial Protection Bureau ("CFPB") published amendments to 12 C.F.R. Part § 1006 (hereinafter referred to as Regulation F).

31. Regulation F was issued by the Bureau of Consumer Financial Protection pursuant to sections 814(d) and 817 of the FDCPA, 15 U.S.C. § 1692b, 1692o; Title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"); 12 U.S.C. § 5481, *et seq.*, and paragraph (b)(1) of 104 of the Electronic Signatures in Global and National Commerce Act ("E-sign Act"), 15 U.S.C. § 7004.

32. The Fair Debt Collection Practices Act and, specifically, Regulation F apply to the Defendant at all times relevant hereto.

33. As of the enactment of Regulation F, a debt collector, such as Defendant, is prohibited from reporting a debt to any of the three major credit reporting agencies, which would include Trans Union, without first contacting the consumer. To satisfy this requirement, the collector must speak to the consumer in person, or by phone, or mail a letter, or send an electronic message about the debt to the consumer and then wait a "reasonable period of time" (at least 14 consecutive days) to see if a notice of undeliverability comes back. If the collector gets a notice that the letter or message was undeliverable, the collector cannot report the debt to the credit reporting agency unless it achieves communications as detailed above. 12 C.F.R. § 1006.30(a)(1).

34. Plaintiff and the other Class members did not receive any communication from Defendant as required by 12 C.F.R. §1006.30(a)(1) prior to Defendant reporting their debts to Experian and/or other consumer reporting agencies. Defendant violated the FDCPA by failing to

contact Plaintiff and the other class members prior to reporting the debts to the credit reporting agencies as required by Regulation F.

35. Credit reporting is recognized as a powerful tool used to extract payment from consumer debtors. *Quale v. Unifund CCR Partners,* 682 F.Supp.2d 1274 (S.D. Ala. 2010).

36. When Plaintiff learned that Defendant was reporting the inaccurate Debt on his credit reports, he made disputes with the credit reporting agencies that were reporting the Debt on his credit reports (the "CRA Disputes").

37. Upon information and belief, Defendant received the CRA Disputes.

38. In response to the CRA Disputes, Defendant did not advise the CRAs to delete the inaccurate Debt from Plaintiff's credit files. Instead, Defendant advised the credit reporting agencies from which it received the CRA Disputes that the Debt was accurate and belonged to Plaintiff. This was false and Defendant failed to conduct reasonable investigations of the CRA Disputes.

**INJURIES-IN-FACT**

39. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

40. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

41. Violation of statutory rights are not a 'hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

42. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, and those of the FDCPA Class members, Plaintiff and the FDCPA Class members have suffered an injury-in-fact sufficient to establish Article III standing.

43. Defendant's act of requesting and obtaining Plaintiff's consumer report was an invasion of his privacy, and the privacy of the FCRA Class members, and the FCRA Class members have suffered an injury-in-fact sufficient to establish Article III standing.

44. In addition, due to Defendant's violations of the FCRA, Plaintiff has suffered emotional distress, sleeplessness, lost time and effort reviewing his credit reports and making disputes with Defendant, lowered credit scores, and the cost of postage to send in his CRA Disputes.

## CAUSES OF ACTION

### COUNT ONE (Class Claim):
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et. seq.*

*Violation of Regulation F, 12 C.F.R. § 1006.6(e)*

45. Plaintiff incorporates the prior paragraphs as if fully rewritten herein.

46. Plaintiff and the Class members have been the objects of collection activity by Defendant arising from consumer debts including, but not limited to, debts arising from the use of utilities for residential apartments.

47. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

48. Defendant's failure to communicate with Plaintiff and the Class members as prescribed by the act and its regulations prior to reporting their purported debts to the credit bureaus was a violation of 12 C.F.R. § 1006.30(a)(1). Defendant's practice involved an unfair or unconscionable means to collect a debt in violation 15 U.S.C. § 1692f and conduct the natural consequence of which is to harass, oppress, or abuse in violation of 15 U.S.C. § 1692d

49. Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class members are entitled to, and seek, actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2), costs, and reasonable attorneys' fees.

### COUNT TWO (Individual Claim): VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, *et. seq*.

*Violation of Section 1681s-2(b) of the FCRA*

50. Plaintiff incorporates the prior paragraphs as if fully rewritten herein.

51. At all times relevant hereto, Defendant was a "furnisher" of information to the credit bureaus as that term is used in the FCRA.

52. Defendant is liable to Plaintiff under Sections 1681n and 1681o of the FCRA for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. 1681s-2(b). Defendant's conduct was a direct and proximate cause of Plaintiff's damages as set forth above.

53. Defendant is liable to Plaintiff for his actual damages, statutory damages, punitive damages, attorney's fees and costs due to its FCRA violations.

### TRIAL BY JURY

54. Plaintiff and the Class are entitled to and hereby request a trial by jury.

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and the Class

a. That the Court certify the Class pursuant to Fed. R. Civ. P. 23;

b. Appoint the undersigned as counsel for the Class;

c. Enter judgment against Defendant and in favor of Plaintiff and the Class for compensatory and statutory damages in an amount to be proven at trial as well as reasonable attorneys' fees and costs;

d. Enter judgment against Defendant and in favor of Plaintiff and the Class for compensatory, statutory, and punitive damage in an amount to be proven at trial as well as reasonable attorney's fees and costs.

e. Prejudgment and post-judgment interest at the maximum statutory rate;

f. Enter judgment in favor of Plaintiff individually on Count Two; and,

g. Such other relief, legal or equitable, as the Court deems just and proper.

Respectfully submitted this 1st day of March, 2024.

/s/Seth M. Lehrman
Seth M. Lehrman, Esq.
ND Ohio No. FL132896
LEHRMAN LAW
951 Yamato Road, Suite 285
Boca Raton, FL 33431
(754) 778-9660
seth@lehrmanlaw.com

John A. Love, Esq.
ND Ohio No. GA459155
LOVE CONSUMER LAW
2500 Northwinds Parkway, Suite 330
Alpharetta, GA  30009
(404) 855-3600
tlove@loveconsumerlaw.com

Robert W. Murphy, Esq.
ND Ohio No. FL717223
LAW OFFICE OF ROBERT W. MURPHY
440 Premier Circle, Suite 240
Charlottesville, Virginia 22901
(434) 328-3100 / (954)763-8660
rwmurphy@lawfirmmurphy.com

*Counsel for Plaintiff*